### KOCH et al. v. BOLZ et al.

*(Circuit Court, S. D. New York. March 31, 1890.)*

PATENTS FOR INVENTIONS—NOVELTY—ALBUM CLASPS.

A patent for an album clasp consisted of flat or lever springs, instead of spiral springs, which had formerly been used, to make the clasp, by extending and contracting, adapt itself to any book. All the parts, except the difference in the kind of springs used, were used in the clasps embracing the spiral springs. *Held* that, since the use of flat springs to do the work of tension and pressure had long been known, the patent, if it could be sustained at all, should be limited to the exact details of the combination as described in the specification, and could not be infringed by the use of a similar spring for a similar purpose, with a difference in the manner of applying it.

In Equity. Bill for infringement of letters patent.
*J. Solis Ritterband,* (*Edmund Wetmore,* of counsel,) for complainants.
*Gilbert M. Plympton,* for defendants.

WALLACE, J. The only novelty in the improved "album clasp," which is the subject of the complainants' patent, consists in the employment of flat or lever springs, in the place of spiral springs which had previously been used, to make the clasps extend and contract, to adapt it to books of different thicknesses. The springs are located within the case or box of the extensible clasp, just as the spiral springs were, and act as the spiral springs did, by tension and pressure, to do the same work. The prior patent to Muller & Hipart describes all the parts in combination with spiral springs. It is said that by using flat springs the case can be made thinner, and consequently more artistic in appearance, than when spiral springs are used; and this seems to be true, unless the latter are so thin in diameter as to somewhat impair their efficiency. Inasmuch as lever or flat springs and spiral springs were well-known equivalents for one another, to do the work of tension and pressure,—so well known as to be a matter of which the court should take judicial notice,—in various mechanisms in which two devices are to be held in elastic relations to each other, it is very doubtful whether there is any patentable novelty in the clasp of the patent. If there is, it must be in the peculiar details of construction and arrangement by which the springs are made to cooperate with the other parts.

In the specification the patentees state as follows:

"Within the box, *e,* there are suitable springs acting against these toes, *i.* We prefer and use the volute springs, *f,* the inner ends of which enter the slots in the studs, *h,* and the outer ends pass beneath or behind the toes, *i.*"

The claim is for a combination in which the "springs, *f*," and "the projections, *i*," are elements. As shown in the drawings, the springs are not strictly volute springs, but are flat springs, coiled at the end at which they are fastened, and which exert their pressure at the other end, and when they are less closely coiled; and are similar to those shown in prior patents for door latches, and locks, which operate against the end of the latch or bolt, upon a toe, to throw the latch or bolt forward. The clasp alleged to infringe the patent is provided with two springs, which consist of short pieces of flat steel wire fastened at one end, and bent at the free ends, to conform to the two curved sides of the box, along which the springs press and move, and which curved sides in connection with the springs tend to draw the two parts of the clasp together. They are not volute or coiled. The free ends do not act against a toe or projection, unless the curved side of the box can be deemed to be a toe. I think that the complainants' patent, if it can be sustained at all, must be limited to one in which the springs are of the details in form and character, and have the co-operating parts as described, and that the springs of the defendants' clasp are not such springs. There was as much invention in employing the springs of the defendants' clasp instead of the springs of the patent as there was in employing the springs of the patent instead of the spiral springs. The bill is dismissed, with costs.